IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMITY S. JOHNSON,

    Plaintiff,

  v.                                                         Civ. No. 23-242 SCY

TESLA, INC.,

    Defendant.

## ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, resides in Santa Fe, New Mexico. Complaint, Doc. 1 ("Compl.") at 1. Defendant Tesla, Inc. is a "corporation" in Austin, Texas. Complaint at 1. Plaintiff alleges that she purchased a vehicle from Tesla, Inc. but "never received the vehicle." *Id.* at 2-3. The Complaint invokes jurisdiction under 28 U.S.C. § 1331. *Id.* at 2, The complaint, however, does not contain allegations to support the basis Plaintiff asserts for federal jurisdiction (that a federal question exists). Further, the complaint does not contain allegations sufficient to support a conclusion that the District of New Mexico is the proper venue for this case. Accordingly, the Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of federal jurisdiction and lack of venue.

28 U.S.C. § 1331 provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). Even "[i]f the parties do not raise the question" themselves, it is the court's duty to address an apparent lack of jurisdiction sua sponte. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988). "[A] federal court must

remand a removed action back to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper . . . ." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

"For a case to arise under federal law [sufficient to support federal-question jurisdiction], the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023 (internal quotation marks omitted). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim. The plaintiff can elect the judicial forum—state or federal—based on how he drafts his complaint. Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.* (cleaned up). "Though we do not hold the pro se plaintiff to the standard of a trained lawyer, we nonetheless rely on the plaintiff's statement of his own cause of action. Thus, we may not rewrite a complaint to include claims that were never presented." *Id.* at 1024 (cleaned up).

Plaintiff asserts that the complaint "invokes federal law," Compl. at 2, but does not specify which federal law. Plaintiff's claim—that Plaintiff purchased a vehicle from Tesla that Tesla never delivered—appears to be a breach of contract claim, which arises under state law. Plaintiff asserts the first cause of action under the Uniform Commercial Code, *id.* at 3, which is a model code and neither federal nor state law (except to the extent New Mexico has enacted it, in which case it is a state law). Plaintiff describes the second cause of action as "violation of the fundamental United States operating principle of citizen as consumer who can consume when funding secured." *Id.* There is no such cause of action of which the Court is aware and Plaintiff

cites no authority for this statement. On its face, the complaint invokes no "substantial" question of federal law. *Cf. Firstenberg*, 696 F.3d at 1023.

In addition, the complaint fails to demonstrate that venue is proper in the District of New Mexico. The federal statute governing venue states:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a).

The Complaint alleges that Defendant does not reside in the District of New Mexico. There are no allegations that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the District of New Mexico. For example, Plaintiff does not state where Plaintiff purchased the car.

THEREFORE, IT IS ORDERED THAT Plaintiff shall show cause in writing no later than **May 5, 2023** as to why this Court has subject-matter jurisdiction and why venue is proper in the District of New Mexico. Failure to do so may result in the dismissal of Plaintiff's case without further notice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE