IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMITY S. JOHNSON,

        Plaintiff,

v.                                                                                                  No. 1:23-cv-00242-DHU-KK

TESLA, INC.,

        Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

        Plaintiff, who is proceeding *pro se*, resides in Santa Fe, New Mexico. Complaint at 1, Doc. 1, filed March 22, 2023. Defendant Tesla, Inc. is a "corporation" in Austin, Texas. Complaint at 1. Plaintiff alleges that she purchased a vehicle from Tesla, Inc. but "never received the vehicle." Complaint at 2-3. The Complaint invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Complaint at 2.

        United States Magistrate Judge Steven C. Yarbrough notified Plaintiff:

> The Complaint, however, does not contain allegations to support the basis Plaintiff asserts for federal jurisdiction (that a federal question exists). Further, the complaint does not contain allegations sufficient to support a conclusion that the District of New Mexico is the proper venue for this case.

Order to Show Cause at 1, Doc. 6, filed April 6, 2023. After explaining why the Complaint failed to show federal question jurisdiction and failed to show the District of New Mexico is the proper venue, Judge Yarbrough ordered Plaintiff to show cause as to why this Court has subject-matter jurisdiction and why venue is proper in the District of New Mexico. *See* Order to Show Cause at 1-3 (notifying Plaintiff that failure to show cause may result in dismissal of Plaintiff's case).

        Plaintiff's Response is a copy of Judge Yarbrough's three-page Order to Show Cause with a line drawn around a portion of the statute governing venue which was quoted by Judge

Yarbrough.  Plaintiff did not write any statements on the copy of the Order to Show Cause and did not otherwise respond to Judge Yarbrough's Order to Show Cause.

The Court concludes it does not have jurisdiction over this case because the Complaint does not contain allegations to support federal question jurisdiction and Plaintiff's response to Judge Yarbrough's Order to Show Cause does not address jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).  Because it is dismissing this case for lack of jurisdiction, the Court denies Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 22, 2023, as moot.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 22, 2023, is **DENIED as moot.**

_____
**UNITED STATES DISTRICT JUDGE**